IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANA L. YATES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-987 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon[1] |
| | ) | |
| ALLEGHENY MATERNAL FETAL MEDICINE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

For the reasons that follow, Defendants' Motion to Dismiss (Doc. 4) will be granted in part and denied in part, and Plaintiff will be directed to amend her Complaint.

Plaintiff has filed this lawsuit, *pro se*, alleging that her former employer and certain of its agents discriminated against her on the basis of religion, race, color, ethnicity and ancestry. *See generally* Compl. (Doc. 3) at ¶ 28; *see also id.* at Section entitled "Jurisdiction" (stating claims under Title VII, 42 U.S.C. § 1981, and Pittsburgh City Code § 659.02). She also alleges sexual harassment and retaliation. *See id.* at ¶¶ 25, 26. Named as Defendants are "Allegheny Maternal Fetal Medicine," Allegheny General Hospital, and co-worker(s)/supervisors Kimberly Comport ("Ms. Comport"), Connie Miller ("Ms. Miller"), Sharon Gabriel, Susan Mercadente, and Rebecca Sherwood ("Ms. Sherwood") (collectively, "the Individual Defendants"). *See id.* at ¶¶ 2, 4-8.

Plaintiff exhausted administrative remedies before the City of Pittsburgh Commission on Human Relations ("the PCHR"), and her charge was cross-filed with the EEOC. *See generally*

---

[1] By consent of the parties, the undersigned sits as the District Judge in this case. *See* Docs. 8 & 10.

Exs. A through C to Defs.' Mot. (PCHR complaint and amendments thereto).[2] In her initial charge, Plaintiff incorrectly identified her employer as Allegheny General Hospital; she later filed an amendment naming her actual employer, "Allegheny Specialty Practices [Network]." *Compare* Ex. A *to* Ex. B; *cf. also* Defs.' Br. (Doc. 5) at 1 ("Allegheny Specialty Practices Network (ASPN) . . . was at all relevant times [Plaintiff's] employer").

Although Mses. Comport and Miller were not named as respondents, they were identified in "[t]he particulars" of Plaintiff's administrative charges. *See* Exs. A & C (alleging Ms. Comport, office manager, made disparaging remarks regarding Plaintiff); Ex. B (Ms. Miller terminated Plaintiff "in retaliation for having filed a prior complaint with the [PCHR]"). None of the other Individual Defendants were referenced in Plaintiff's charges. *See* Exs. A-C.

Defendants argue Plaintiff has failed to exhaust administrative remedies because neither Allegheny Maternal Fetal Medicine nor Allegheny General Hospital were properly named as respondents before the PCHR. *See* Defs.' Br. at 7-8. The Court agrees that these entities must be dismissed, but for a different reason: they were not Plaintiff's employer. *See* Ex. B to Defs.' Mot. (Plaintiff amended charge to "correctly identify" her employer, ASPN); Ex. D to Defs.' Mot. (ASPN's "Statement of Position" before PCHR) at ¶ 1 (Plaintiff worked in ASPN's "Department of Maternal/Fetal Medicine").

This infirmity appears easy enough to correct, as Plaintiff need only amend her Complaint to correctly identify as a defendant her actual employer, ASPN. *See generally* Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) ("leave to amend the pleadings [is given] freely," and amendments "should be liberally granted") (citations omitted); Hamilton v. Leavy, 117 F.3d

---

[2] The Court takes judicial notice of the administrative records attached to Defendants' Motion. *See* Branum v. UPS, Inc., 232 F.R.D. 505, 507 n.1 (W.D. Pa. 2005) (Conti, J.) (collecting cases holding same).

742, 749 (3d Cir. 1997) ("courts should allow liberal amendment of *pro se* complaints") (citation omitted). The Court therefore will grant Defendants' Motion to Dismiss regarding "Allegheny Maternal Fetal Medicine" and Allegheny General Hospital, without prejudice to Plaintiff's filing an amended complaint against ASPN.[3]

Defense counsel also argue that Plaintiff has failed to exhaust administrative remedies regarding the Individual Defendants. *See* Defs.' Br. at 2. This is not so for Mses. Comport and Miller, who were specifically identified in the "particulars" of Plaintiff's administrative charges. *Compare* discussion *supra* (noting Plaintiff's identification of Mses. Comport and Miller, along with their purported misconduct) *with* Hitchens v. Greater Pgh. Cmty. Food Bank, 2006 WL 3051901, *3 (W.D. Pa. Oct. 23, 2006) (Ambrose, C.J.) (identifying individual defendants "in the body of the charge satisfies the exhaustion of administrative remedies requirement") (collecting cases); Wilczynski v. Kuhns, 2006 WL 2645144, *15 (W.D. Pa. Sept. 14, 2006) (Conti, J.) (holding same) (citation omitted).

The remaining Individual Defendants, however, were not named in Plaintiff's administrative charges, nor has Plaintiff shown that they received "requisite notice that [their] conduct [wa]s under formal review." *See* Jackson v. J. Lewis Crozer Library, 2007 WL 2407102, *5 (E.D. Pa. Aug. 22, 2007) (citations and internal quotations omitted). Thus, the claims against Sharon Gabriel, Susan Mercadente and Ms. Sherwood will be dismissed with prejudice.

In connection with Mses. Comport and Miller, Defendants correctly note that these individuals cannot be sued under Title VII. *See* Defs.' Br. at 9; Newsome v. Administrative

---

[3] The Court cannot imagine how Defendants can argue Plaintiff has failed to exhaust administrative remedies against ASPN. *Cf.* Defs.' Br. at 1 ("[t]he record in the administrative proceedings below demonstrates that plaintiff filed her . . . complaint against" ASPN); Ex. D to Defs.' Mot. (ASPN's five-page, single spaced "Statement of Position" before PCHR).

Office of Courts of State of New Jersey, 2002 WL 31228037, *2 n.1 (3d Cir. Oct. 4, 2002) ("Title VII does not provide for individual liability") (citation to binding authority omitted). This has no bearing on Plaintiff's claims under the Pittsburgh City Code, however, which permits charges of individual liability under an aiding and abetting theory. *See id.* at § 659.02(j) (Code prohibits "any person, whether or not an employer," from "aid[ing], incit[ing], compel[ling], coerc[ing] or participat[ing] in the doing of any act declared to be an unlawful employment practice"); *see also id.* at § 655.07(a) (granting "[p]rivate [r]ight of [a]ction" in Pennsylvania state court for violations of City Code); *cf. also generally* Ganaway v. City of Pgh., 2008 WL 336297, *1, *4 (W.D. Pa. Feb. 4, 2008) (McVerry, J.) (implicitly recognizing plaintiff may bring City Code claims in conjunction with causes under federal employment discrimination statutes).

Defendants next challenge Plaintiff's claims under Section 1981, arguing that the statute cannot support claims for sexual harassment and discrimination based on religion and national origin. *See* Defs.' Br. at 9-10. These are accurate statements of the law. *See* Anjelino v. New York Times Co., 200 F.3d 73, 98 (3d Cir. 1999) ("sex-based claims are not cognizable under [Section] 1981") (citations omitted); Davis v. Mothers Work, Inc., 2005 WL 1863211, *7 (E.D. Pa. Aug. 4, 2005) ("it is well established that § 1981 does not cover religious discrimination") (citation to binding authority omitted); Gupta v. Sears, Roebuck & Co., 2007 WL 2253609, *2 (W.D. Pa. Aug. 3, 2007) (Fischer, J.) ("national origin alone [can]not give rise to a § 1981 claim") (citation to binding authority omitted).[4]

---

[4] Plaintiff also has alleged discrimination based on her ethnicity and ancestry. *See* discussion *supra* in text. Defendants have not challenged these claims under Section 1981, and the Court states no opinion regarding the same. *Cf.* Gupta at *2-3 ("properly pled . . . ancestry and ethnicity [discrimination may] give rise to a § 1981 claim") (citation omitted).

4

Defendants also assert that Plaintiff's race discrimination claims under Section 1981 (and Title VII) are insufficient because they are based on comments regarding her "ethnic dress and hairstyle." *See* Defs.' Br. at 10. This argument does not account for the notice pleading standards in federal court, and if legal authority supporting a dismissal under Rule 12(b)(6) exists, Defendants have failed to identify it. *See id.* (citing one district court opinion deciding issue at summary judgment stage).

Thus, Plaintiff's claims under Section 1981 will be dismissed only to the extent described above.[5]

Finally, Defendants request that portions of Plaintiff's pleadings be stricken under Federal Rule 12(f). *See* Defs.' Br. at 11-12. Said Rule allows the Court to strike allegations that are "redundant, immaterial, impertinent, or scandalous." *Id.*

The Court agrees that Plaintiff's allegations regarding Ms. Sherwood's purported drinking and drug use are not sufficiently tied to her claims of unlawful discrimination to warrant further consideration. *Compare* Compl. at ¶¶ 3-4, 10-11, 22 (suggesting Ms. Sherwood was complicit in aggrieved conduct not because of discrimination, but rather because Plaintiff witnessed her smoking marijuana and drinking) *with* Donnelly v. Commonwealth Fin. Sys., Inc., 2008 WL 762085, *4 (M.D. Pa. Mar. 20, 2008) ("[i]mmaterial matter is that which has no essential or important relationship to the claim for relief," and "[s]candalous matter has been defined as that which improperly casts a derogatory light on someone" or "reflect[s] cruelly upon the defendant's moral character") (citations and internal quotations omitted).

---

[5] Defendants' Motion is silent regarding Mses. Comport and Miller's potential liability under Section 1981, so the Court declines to reach the issue. *Cf. generally* Cardenas v. Massey, 269 F.3d 251, 268 (3d Cir. 2001) (Third Circuit Court "has found individual liability . . . when [the defendants] intentionally cause an infringement of rights protected by Section 1981") (citations and internal quotations omitted, alteration in original).

Plaintiff's allegations regarding Ms. Sherwood are inappropriate, and Plaintiff shall refrain from restating them in her amended complaint.

The remainder of Defendants' Rule 12(f) request references unspecified allegations purportedly "amounting to nothing more than the ordinary tribulations of the workplace." *See* Defs.' Br. at 11-12 (Plaintiff's factual averments consist of "nothing more than allegations that [she] was the victim of or witness to crude language, behavior and snubbing," and discrimination laws do not "set forth a general civility code for the American workplace"). These arguments are little more than thinly veiled attacks on the sufficiency of Plaintiff's discrimination claims, and they are better suited for adjudication on the merits rather than through a motion to strike. *Cf., e.g.*, Gupta, 2007 WL 2253609 at *6 ("the issue of whether discrimination was severe or pervasive is fact specific and more appropriately addressed at the summary judgment stage"; under Rule 12(b)(6), plaintiff need only "[place d]efendant on notice of her claim for relief") (citations omitted).[6]

For all of the reasons stated above, Defendants' Motion to Dismiss (**Doc. 4**) is **GRANTED IN PART** and **DENIED IN PART**, as described in this Memorandum Order. In addition, **by November 24, 2008**, Plaintiff shall file an amended complaint: naming Allegheny Specialty Practices Network as a defendant; removing party-Defendants "Allegheny Maternal Fetal Medicine," Allegheny General Hospital, Sharon Gabriel, Susan Mercadente, and Rebecca Sherwood; omitting reference to Ms. Sherwood's purported drug and alcohol use;

---

[6] Somewhat relatedly, Defendants ask the Court to strike Plaintiff's demand for judgment in the amount of $5 million. *See* Defs.' Br. at 12 (citing W.D. Pa. L.R. 8.1); *compare* Compl. at Wherefore clause (requesting $5 million "in back wages, future earnings, compensatory and punitive damages") *with* L.R. 8.1 ("any pleading demanding general damages unliquidated in amount shall, without claiming any specific sum, set forth only that money damages are claimed"). Plaintiff clearly requests unliquidated damages, and her $5 million request is stricken under Local Rule 8.1.

and removing her request for judgment in a specific amount (*i.e.*, Plaintiff should state only "that money damages are claimed").

Once Plaintiff has amended her Complaint, Defendants shall plead or otherwise respond in conformity with the Federal Rules of Civil Procedure.


November 12, 2008                                   s\Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States Magistrate Judge

cc (via email):

Dana L. Yates
Thomas B. Anderson, Esq.
William James Rogers, Esq.